Nancy Steffen Rahmeyer, P.J.
S.L.E. ("Appellant") appeals from the termination of her parental rights to K.A.S.E. ("Child") on the basis that:
• she qualified for an attorney pursuant to section 211.462,
• she requested an attorney,
• an attorney was appointed for her,
• a date was set for a hearing,
• the hearing was moved to a date three months earlier by the court's own motion,
• one day before the hearing her court-appointed attorney filed a motion to withdraw, admitting that he had mailed the notice to his client and she probably had not received it,
• the court granted the motion to withdraw leaving Appellant unrepresented at the hearing,
• the court proceeded on that day to terminate Appellant's parental rights,
• Appellant appeared at the juvenile court that same day after the hearing and was told the hearing was completed. She requested and received another appointment of counsel a week later.
We agree with Appellant that the court abused its discretion in granting Appellant's attorney's Motion to Withdraw prior to trial because the action deprived Appellant of her right to counsel and due process of law.[1] The case is reversed and remanded for further proceedings.
A review of the docket sheet reveals:
• On May 16, 2017, a termination hearing was set for June 20, 2017. On that same date the hearing was reset *401 on the court's own motion to October 3, 2017.
• On June 23, 2017, a judge was assigned and the "hearing remain[ed] set" for October 3, 2017.
• On July 7, 2017, the court, on its own motion, rescheduled the hearing for twelve days later.
• On July 18, 2017, Appellant's attorney filed a motion to withdraw and noticed it up for the next day at the termination hearing.
• On July 19, 2017, the motion to withdraw was sustained and the termination trial proceeded.
• On July 31, 2017, Appellant's application for legal assistance was granted "for appeal purposes only."
Meanwhile, trial counsel for Appellant[2] indicated that he was appointed as attorney for Appellant on May 10, 2017, that he sent a letter to Appellant on May 12, 2017, asking Appellant to contact him. Appellant did call him and left a voice mail and a "message/contact number on counsel's phone" on July 11, 2017. Counsel called the contact number the next day and left a message with a "Michelle person" or a "Misty person," but received no further response. In the attorney's message, the attorney informed Appellant that the permanency review hearing was scheduled on August 7, 2017, and the termination of parental rights hearing was set for October 3, 2017. The attorney indicated that he had just mailed out the notice to withdraw on the prior day and was unaware of whether Appellant had received the motion.[3]
The circumstances of each particular case determines whether a parent who is unable to employ counsel was denied unjustly the right to counsel in a termination of parental rights case. In re J.S.W. , 295 S.W.3d 877, 882 (Mo. App. E.D. 2009). The trial court is to look at whether the parent made a commitment to regaining custody of the child. In the Interest of F.L.M. , 839 S.W.2d 367, 374 (Mo. App. E.D. 1992).
Respondent points to no cases that are factually close to the case before us. We find In re P.D. , 144 S.W.3d 907 (Mo. App. E.D. 2004), to be on point. In P.D. , the trial court granted counsel's motion to withdraw when counsel withdrew on the day of trial and the mother had not received notice of her attorney's intent to withdraw. Id. at 910. In P.D. , the mother was informed of the trial date at the previous hearing, notice had been sent to her last known address about the hearing and not been returned as undeliverable, and her attorney had sent her a letter confirming the trial date. Id. at 911-12. There was nothing in the record to indicate that the mother had made any effort to contact the court on the date of the hearing or thereafter, to inform it why she was unable to be there for the hearing. Id. at 912. The court noted that the cases which allowed counsel to withdraw were when the attorneys filed their motions to withdraw several weeks or more before the termination hearing and the clients had notice that the court had *402 granted the motion to withdraw at least two weeks prior to the termination hearing. Id. Additionally, the court indicated that in cases where the attorneys were permitted to withdraw presented ample evidence of the repeated failure of their respective clients to cooperate with their representation. Id.
The circumstances in this case indicate less egregious facts than in P.D. Here, there is no evidence of repeated failures to cooperate with representation. The only evidence before the court at the hearing when it granted the motion to withdraw was that counsel attempted to contact Appellant, Appellant called counsel back after the initial contact by her counsel, and there was no further contact. Supreme Court Rule 4-1.16(d) provides that an attorney shall take steps, such as giving reasonable notice to the client, to the extent reasonably practicable to protect a client's interest to allow time for employment of other counsel. P.D. , 144 S.W.3d at 913. Here, the evidence was that Appellant was not aware that her court-appointed attorney was withdrawing on the date of the hearing.[4] There is simply no evidence to support the allowance of the motion to withdraw on the day of trial.
Despite the fact that Respondent concedes that Appellant requested counsel, and that she was indigent and without the ability to pay counsel, the case was advanced for trial by three months by the trial court on the trial court's own motion. The only evidence before the court at the time of the termination hearing was that Appellant had last heard the hearing was set three months later in October. The trial court sustained trial counsel's motion to withdraw on the day of the trial and proceeded to trial without giving Appellant an opportunity to obtain counsel. It was error to do so. The appropriate remedy here is not outright reversal, but rather reversal of all termination of parental rights findings and conclusions pertaining to Appellant, and remand for a new trial on all issues pertaining to Appellant in the termination of parental rights petition. In re Adoption of C.M.B.R. , 332 S.W.3d 793, 813, 819 (Mo. banc 2011). In all other respects, the termination of parental rights judgment is affirmed.[5]
Daniel E. Scott, J.-Concurs In Result Only In Separate Opinion
William W. Francis, Jr., J.-Concurs In Result Only In Separate Opinion

We make our decision based on the procedural posture of this case and make no findings or conclusions on the merits of the case.

Appellate counsel is not the same attorney as the trial attorney.

Respondent asks us to acknowledge "evidence" from two people who were in the courtroom on the date of the hearing that Appellant did know about the hearing on July 19th. One of the people indicated she was the child's grandmother and the other the child's uncle. Neither of the people were sworn as witnesses, nor were they subject to any cross-examination. As such, we disregard their statements. State v. Ward , 242 S.W.3d 698, 703 (Mo. banc 2008) (stating that every person offered as a witness shall swear or affirm that the evidence given shall be truthful.).

Furthermore, there was not any evidence presented at the hearing that Appellant was aware that the termination hearing had been moved up from October to July. Such a quickening of the hearing date might be important when seeking contact with counsel.

The judgment terminated unknown biological Father's parental rights. There was no appeal from that part of the judgment.